## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAUREN STEWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. |
| v. | ) |
| | ) |
| CHRISTIANA CARE HEALTH SYSTEM, | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

## **INTRODUCTION**

1. Plaintiff, Lauren Steward ("Plaintiff"), files this action against Defendant Christiana Care Health System ("Defendant" or "Christiana Care") for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").

## **NATURE OF THE ACTION**

2. Defendant employed Plaintiff for over eight years.

3. Defendant engaged in religious discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

## **JURISDICTION**

4. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is a resident of Wilmington, Delaware, who at all times relevant to this Complaint was an employee of Defendant Christiana Care.

7. Defendant Christiana Care is a private, non-profit corporation with its headquarters located at 4735 Ogletown-Stanton Road, Newark, DE 19713.

## ADMINISTRATIVE PROCESS

8. On March 16, 2022, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC").

9. On August 2, 2022, Plaintiff received a "Final Determination and Right to Sue Notice" from the DDOL, which included a No Cause determination, hereto attached as *Exhibit A*.

10. On September 16, 2022, Plaintiff received a "Dismissal and Notice of Rights" from the EEOC, which included an adoption of the No Cause determination of the DDOL regarding Plaintiff's discrimination charge, hereto attached as *Exhibit B*.

11. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

12. Plaintiff began her employment with Defendant Christiana Care on February 25, 2013.

13. Plaintiff was employed by Defendant in the position of Staff Associate in the Revenue Cycle Department, which is a non-patient facing position.

14. As a result of the COVID-19 Pandemic, Plaintiff began working remotely in or around March of 2020.

15. In or around July 29, 2021, Defendant announced a Mandatory COVID-19 Vaccination policy ("Policy"), requiring all non-exempt employees to submit to the COVID-19 vaccination or face termination.

16. Defendant's Policy states, "ChristianaCare will generally accept that an employee's request for religious accommodation is based on a sincerely held religious belief. However, if a caregiver requests a religious accommodation and ChristianaCare is aware of facts that provide an objective basis for questioning either the religious nature or the sincerity of a particular belief, practice, or observance, ChristianaCare will request additional supporting information from the caregiver."

17. Defendant's Policy defines "caregivers" as "ChristianaCare employees (regardless of the type of work they do), Medical-Dental Staff, residents, students, contracted employees, temporary labor, volunteers and vendors."

18. Defendant provided a religious accommodation request form which asked individuals to "Describe the religious belief or practice that necessitates this request for accommodation:"

19. On August 5, 2021, Plaintiff submitted a religious accommodation request to be exempt from Defendant's Policy.

20. On August 25, 2021, Plaintiff was contacted by Defendant over the phone and asked to provide additional support for her religious accommodation request on the spot.

21. Defendant's questioning was a direct contradiction to its stated policy as Defendant was not aware of any facts that provided an objective basis for questioning the religious nature or the sincerity of her belief.

22. Plaintiff informed Defendant she primarily practices her religion through prayer and reading the Bible.

23. Although a member of the church, Plaintiff advised Defendant that her beliefs do not always align with the church and accordingly she seeks clarity through the word of God and daily prayer.

24. Plaintiff also informed Defendant she seeks God's guidance on all aspects of her life, including major medical decisions.

25. Specifically, Plaintiff was twice diagnosed with a brain tumor. After praying on her diagnosis and consulting the Bible, Plaintiff was called not treat her tumor with chemotherapy or radiation.

26. Based on these same beliefs and practices, Plaintiff also avoids undergoing general anesthesia when it is a viable option.

27. Based on these same beliefs and practices, Plaintiff and her children have avoided recent vaccinations.

28. Based on these same beliefs and practices, Plaintiff prayed on the COVID-19 Vaccine and was led by God not to get the vaccine.

29. Defendant advised Plaintiff that they hoped to have these requests wrapped up by September 1, 2021.

30. On September 1, 2021, Plaintiff returned to the office and continued to work without incident while unvaccinated.

31. On September 8, 2021, Plaintiff was notified that her religious accommodation request was denied.

32. Plaintiff was advised by Defendant that there was no appeal process, and all decisions were final.

33. Defendant failed to discuss any possible reasonable accommodations with Plaintiff.

34. Defendant failed to engage in any interactive process with Plaintiff regarding her request for an accommodation.

35. Defendant could and did reasonably accommodate other employees.

36. Plaintiff's request for accommodations would not have created an undue hardship on Defendant.

37. On September 16, 2021, Plaintiff received a notice of termination for September 21, 2021.

38. On September 21, 2021, Plaintiff was terminated as a result of her religious beliefs.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

### COUNT I
### Discrimination Based on Religion in Violation of the Title VII of the Civil Rights Act 1964 (42 U.S.C. §§ 2000e *et seq*. as Amended)

39. The allegations of Paragraphs 1 through 38 are incorporated by reference as if fully restated herein.

40. Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b) and 19 *Del. C.* § 710(7).

41. At all times relevant hereto, Plaintiff was employed by Defendant and was an "Employee" as defined by 42 U.S.C. § 2000e(f) and 19 *Del. C.* § 710(6).

42. Plaintiff received her Right to Sue letter from the EEOC on September 16, 2022 (Exhibit A). Plaintiff has satisfied all statutory prerequisites for filing this action.

43. Title VII prohibits employers from "…discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e2(a)(1).

44. Title VII requires employers to make "reasonable accommodations for their employees' religious beliefs and practices, unless doing so would result in 'undue hardship' to the employer." *Id.*, 42 U.S.C. § 2000e(j).

45. Plaintiff has a sincerely held religious beliefs, based in Christianity.

46. Plaintiff seeks God's guidance on all aspects of her life, including major medical decisions, through both prayer and by reading the Bible.

47. In accordance with Plaintiff's religious beliefs, she was taught that the body is the temple of the Holy Spirit and she must protect the physical integrity of the body.

48. 1 Corinthians 3:16-17 (*KJV*): "Know ye not that the temple of God, and that the Spirit of God dwelleth in you? If any man defile the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are."

49. 1 Corinthians 6:19 (*KJV*): What? know ye not that your body is the temple of the Holy host which is in you, which ye have of God, and ye are not your own?

50. Thus, Plaintiff's sincerely held religious beliefs conflict with Defendant's Policy.

51. Plaintiff informed Defendant of her sincerely held religious belief when she requested a reasonable accommodation from Defendant's COVID-19 vaccine mandate.

52. As a result of her sincerely held religious beliefs, Plaintiff was terminated on September 21, 2021.

53. In violation of Title VII, Defendant failed to engage in a meaningful interactive process and failed to provide a reasonable accommodation, despite having the ability to accommodate Plaintiff without an undue burden.

54. Defendants would not have been "unduly burdened" in accommodating plaintiff's requests as Plaintiff's position was non-patient facing and she had been working remotely for a majority of the COVID-19 pandemic. Plaintiff could have continued to work remotely without causing a financial or operational burden on Defendant.

55. After Plaintiff's termination, Plaintiff's former department returned to indefinite remote work.

56. Defendant has subjected Plaintiff to discrimination and failed to accommodate her on the basis of her religious beliefs in violation of Title VII by denying Plaintiff a reasonable accommodation and ultimately terminating her for her sincerely held religious beliefs.

57. Plaintiff has suffered damages as a result of Defendant Christiana Care's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and the cost of bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Awarding Plaintiff any and all compensation due as a result of the violations herein including, but not limited to lost wages, salary, employment benefits, back pay, front pay and any or all pecuniary damages.

C. Awarding Plaintiff punitive damages.

D. Awarding Plaintiff compensatory damages.

E. Awarding Plaintiff an equal and additional amount as liquidated damages.

F. Awarding Plaintiff costs and reasonable attorney's fees.

G. Awarding Plaintiff pre and post judgement interest at the legal rate.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

**ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Margaret W. Taviano (#6932)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-397-3930 (fax)
michele@allenlaborlaw.com
margaret@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: December 15, 2022.