# EXHIBIT A

**STATE OF DELAWARE**
**DEPARTMENT OF LABOR**
**DIVISION OF INDUSTRIAL AFFAIRS – OFFICE OF ANTI-DISCRIMINATION**

Lauren Steward
6007 Stone Pine Road
Wilmington, DE 19808

DDOL No.: STE031722
EEOC No.: 17C-2022-00235

v.
Christiana Care
4755 Ogletown-Stanton Road
Newark, DE 19718

**FINAL DETERMINATION AND RIGHT TO SUE NOTICE**

Pursuant to 19 Del. C. § 710, *et seq.*, the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

*No-Cause Determination and Dismissal with Corresponding Right to Sue Notice.*

In this case, the Department has completed its investigation and found that there is no reasonable cause to believe that an unlawful employment practice has occurred. The Department hereby issues a No-Cause Determination and Dismissal and provides the Charging Party with a Delaware Right to Sue Notice.

This No Cause determination is based on the following facts:

*Charging Party alleged the Respondent Failed to Provide a Reasonable Accommodation on the basis of her Religion (Christian), Sex (Female) and Discharged her in Retaliation for engaging in prior protected activity. The Department of Labor conducted an investigation and determined that the evidence did not establish reasonable cause to believe the Respondent violated the anti-discrimination laws. On* **July 18, 2022**, *we notified the Charging Party of our preliminary findings. We gave the Charging Party an opportunity to respond.*

*Charging Party submitted a response; however, the response contained no information that could have resulted in a different outcome. Therefore, we are making a finding of No Reasonable Cause.*

*This final determination is not intended to be construed as an endorsement of Respondent's actions, and is not intended to impact any rights Charging Party may have under other laws.*

See the attached Notice of Rights.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination.

*[Signature: James F. BS]*

August 2, 2022

James F. Billups III, Administrator
Division of Industrial Affairs, Office of Anti-Discrimination

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_C-12-NC – No Cause Determ.doc : rev. 07/2021

## NOTICE OF DELAWARE RIGHTS

*The Department of Labor Office of Anti-Discrimination provides the following excerpt from 19 Del. C. § 710, et seq. as information regarding the Delaware Right to Sue Notice. If you need legal advice, please seek your own legal counsel.*

**§ 714. Civil action by the Charging Party; Delaware Right to Sue Notice; election of remedies.**

(a)   A Charging Party may file a civil action in Superior Court, after exhausting the administrative remedies provided herein and receipt of a Delaware Right to Sue Notice acknowledging same.

(b)   The Delaware Right to Sue Notice shall include authorization for the Charging Party to bring a civil action under this Chapter in Superior Court by instituting suit within ninety (90) days of its receipt or within ninety (90) days of receipt of a Federal Right to Sue Notice, whichever is later.

(c)   The Charging Party shall elect a Delaware or federal forum to prosecute the employment discrimination cause of action so as to avoid unnecessary costs, delays and duplicative litigation. A Charging Party is barred by this election of remedies from filing cases in both Superior Court and the federal forum. If the Charging Party files in Superior Court and in a federal forum, the Respondent may file an application to dismiss the Superior Court action under this election of remedies provision.

## NOTICE OF FEDERAL RIGHTS

1.   If your case was also filed under federal law and resulted in a "No Cause" finding, you have additional appeal rights with the Equal Employment Opportunity Commission. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC perform a Substantial Weight Review of the DDOL's final finding. To obtain this review, you must request it by writing to EEOC within ***15 days of your receipt*** of DDOL's final finding in your case. Otherwise, EEOC will generally adopt the DDOL's findings.

2.   If your case was also filed under federal law, you have the right to request a federal Right to Sue Notice from the EEOC. To obtain such a federal Right to Sue Notice, you must make a written request directly to EEOC at the address shown below. Upon its receipt, EEOC will issue you a Notice of Right to Sue and you will have ninety (90) days to file suit. The issuance of a Notice of Right to Sue will normally result in EEOC terminating all further processing.

3.   Requests to the EEOC should be sent to:

   Equal Employment Opportunity Commission
   801 Market Street
   Penthouse, Suite 1300
   Philadelphia, PA 19107

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*